IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL R. GROSS, #313867         * | |
|       Plaintiff | |
|       v.                         * | CIVIL ACTION NO. RWT-05-2443 |
| KATHLEEN GREEN, WARDEN        * | |
|       Defendant. | |
|                             ******| |

**MEMORANDUM OPINION**

Plaintiff, who is confined at the Eastern Correctional Institution ("ECI") in Westover, Maryland, filed this civil rights complaint alleging that on August 15, 2005, he was refused a breakfast meal tray as a form of punishment due to a malfunctioning light in his cell, which was not repaired prior to his arrival. (Paper No. 1 at 4). Plaintiff seeks $10,000.00 in punitive damages and transfer to another prison. (Id.).

Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. However, as the court finds that the Complaint does not state a claim of constitutional dimension, the cause of action shall be summarily dismissed.

Prisoners are guaranteed a nutritionally adequate diet. See Wilson v. Seiter, 501 U.S. 294, 303 (1991). This circuit has held that "inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted). The alleged refusal to provide Plaintiff his breakfast on August 15, 2005, does not, however, comprise a constitutional deprivation. This was a short-term practice-- only involving one meal-- with no alleged resultant long-term adverse effects. See Rust v. Grammar, 858 F.2d 411, 414 (8th Cir. 1988); Gawloski v. Dallman, 803 F.Supp. 103, 111-12 (S.D.Ohio W.D.1992).

For the aforementioned reasons, a separate Order shall be entered, dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).[1]  Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e).[2]

Date: September 13, 2005                                 /s/
                                                  Roger W. Titus
                                                  United States District Judge

---

[1]    § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]    § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> As the court interprets this provision, once three such dismissals under §1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.